UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT BRADLEY McINTYRE,<br><br>Defendant. | No. CR-05-0079-JLQ<br><br>MEMORANDUM OPINION<br>AND ORDER DENYING MOTION<br>FOR RECONSIDERATION |

Sentencing in this matter took place on August 26, 2005 and the Judgment was signed on August 31, 2005. Counsel for the Defendant filed a timely Motion To Reconsider Sentencing on September 2, 2005. Because Rule 35 of the Federal Rules of Criminal Procedure allows modification of a sentence in very limited circumstances such as arithmetical, technical or clear error, and does not allow for reconsideration of sentencing issues, *United States v. Barragan-Mendoza*, 174 F. 3d 1024, 1028 (9th Cir. 1999), the court requested the Government to respond to the Defendant's Motion as to any possible reduction of sentence by reason of assistance from the Defendant. The Government's response did not include a motion for reduction of sentence.

The Defendant pled guilty to Count 1, Possession With Intent To Distribute 5 Kilograms or More of Cocaine; Count 2, Conspiracy to Export 5 Kilograms or More of Cocaine; and Count 3, Attempted Exportation of 5 Kilograms or More of Cocaine. The factual background of these offenses and the Sentencing Guideline calculations are set forth in this court's Sentencing Memorandum dated August 31, 2005. After application

ORDER - 1

of the "safety valve" and credit for acceptance of responsibility and timely entry of a plea of guilty, the Defendant's final Offense Level was 31 and with a Criminal History Category of I, the Sentencing Guideline Range was 108-135 months. For the reasons set forth in this court's Sentencing Memorandum the court reduced the Offense Level from Level 31 to Level 28, resulting in a Sentencing Guideline Range of 78-97 months. The court, having considered the advisory Guidelines and the elements of 18 U.S.C. 3553(a), imposed a sentence of 84 months.

If there was mathematical, clerical, or clear error, the court would have remedied such error within the 7 days required by Rule 35. Since there was no such error, this court does not have jurisdiction to reconsider its sentence. See *United States v. Aguirre*, 214 F. 3d 1122 (9th Cir. 2000) and *United States v. Barragan-Mendoza, supra.* For these reasons the Motion To Reconsider Sentencing must be and it is DENIED.

The Clerk of this court shall enter this Order and forward copies to counsel.

**DATED** this 25th day of October 2005.


s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2